51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Curtiss J. OSTOSH, Defendant-Appellant.
 No. 94-1761.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 1
 Before: MILBURN and NORRIS, Circuit Judges, and MILES, District Judge.*
 
 ORDER
 
 2
 Curtiss J. Ostosh appeals his judgment of conviction and sentence on two counts of bank fraud in violation of 18 U.S.C. Sec. 1344, and two counts of uttering forged securities in violation of 18 U.S.C. Sec. 513. The district court sentenced Ostosh to 15 months of imprisonment, three years of supervised release, imposed a $50 special assessment, and ordered Ostosh to make restitution in the amount of $84,312.61. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On appeal, Ostosh has waived his right to be represented by counsel and elected to proceed pro se. He argues that: (1) his conviction was not supported by sufficient evidence; (2) the district court improperly denied his motions for judgment of acquittal; (3) the district court improperly denied his motion for a new trial; (4) the government knowingly and recklessly misled the grand jury in obtaining an indictment against Ostosh; (5) the district court improperly limited the testimony of certain witnesses, as well as improperly admitted the statements of other witnesses and evidence of prior bad acts by Ostosh; (6) the court should have required the deposition of two witnesses pursuant to Fed.R.Crim.P. 15(a); (7) a variance improperly existed between the indictment and the evidence presented at trial; (8) the district court did not instruct the jury on Ostosh's theory of defense; (9) the court improperly proceeded without an alternate juror and ultimately with only 11 jurors; and (10) the district court improperly declined to ask voir dire questions submitted by Ostosh.
 
 
 4
 Upon review, we conclude that sufficient evidence exists to support Ostosh's convictions. After viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the government, the evidence is sufficient to justify a reasonable juror to conclude beyond a reasonable doubt that Ostosh had committed bank fraud and uttered forged securities. See United States v. Wilson, 27 F.3d 1126, 1132 (6th Cir.), cert. denied, 115 S.Ct. 452 (1994); see also 18 U.S.C. Secs. 513 and 1344. As sufficient evidence exists to support Ostosh's convictions, the district court properly denied his requests for judgment of acquittal. United States v. Abner, 35 F.3d 251, 252 (6th Cir.1994). In conjunction with his sufficiency of the evidence argument, Ostosh asserts that the trial testimony of certain witnesses was not credible. Attacks on witness credibility, however, are challenges to the quality of the government's evidence and do not go to the sufficiency of the evidence. United States v. Lindo, 18 F.3d 353, 357 (6th Cir.1994). Further, it is the jury's province to determine the credibility of the witnesses. United States v. Hoffman, 918 F.2d 44, 47 (6th Cir.1990) (per curiam).
 
 
 5
 Ostosh next argues that the district court improperly denied his motion for a new trial. In order to merit a new trial on the basis of newly discovered evidence, Ostosh must establish that: (1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal. United States v. Glover, 21 F.3d 133, 138 (6th Cir.), cert. denied, 115 S.Ct. 360 (1994). Motions for a new trial based on newly discovered evidence are disfavored and should be granted with caution. Id. We conclude that the district court did not abuse its discretion in denying Ostosh's motion.
 
 
 6
 Initially, we note that Ostosh did not raise the issue in the district court that the prosecution improperly misled the grand jury and, therefore, Ostosh has waived consideration of the issue on appeal. United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). Nonetheless, we conclude that any error by the prosecution in presentation before the grand jury was harmless because Ostosh was subsequently convicted by the petit jury. United States v. Mechanik, 475 U.S. 66, 71-73 (1986). Further, the prosecution is not required to present exculpatory evidence to the grand jury. United States v. Williams, 112 S.Ct. 1735, 1744-45 (1992).
 
 
 7
 Ostosh challenges certain statements made by witnesses during the trial. We note that Ostosh did not object to any of these statements at trial; consequently, they are only reviewed for plain error. See United States v. Mendez-Ortiz, 810 F.2d 76, 78 (6th Cir.1986), cert. denied, 480 U.S. 922 (1987). Our review of the record reveals that plain error did not occur here. Ostosh also argues that the district court improperly admitted evidence of prior bad acts and improperly limited the testimony of certain witnesses. We conclude that the court did not abuse its discretion in reaching these evidentiary rulings. See United States v. Moreno, 933 F.2d 362, 375 (6th Cir.), cert. denied, 502 U.S. 895 (1991).
 
 
 8
 Ostosh argues that the court should have required two witnesses to give depositions pursuant to Fed.R.Crim.P. 15(a), in order to preserve their testimony. As both witnesses ultimately testified at trial, it was unnecessary to preserve their testimony by deposition.
 
 
 9
 Ostosh's argument that an improper variance existed between his indictment and the evidence presented at trial is meritless. A variance did not occur because the proof introduced at trial did not differ materially from the facts alleged in the indictment. United States v. Feinman, 930 F.2d 495, 499 (6th Cir.1991).
 
 
 10
 Ostosh argues that the district court improperly failed to instruct the jury on his theory of defense. "This court reviews the jury charge as a whole to determine whether it fairly and adequately submits the issues and the law to the jury." United States v. Newcomb, 6 F.3d 1129, 1132 (6th Cir.1993). "A refusal to give requested instructions is reversible error only if (1) the instructions are correct statements of the law; (2) the instructions are not substantially covered by other delivered charges; and (3) the failure to give the instruction impairs the defendant's theory of the case." Id. We conclude that the district court properly instructed the jury, particularly on the issues of willfulness and intent.
 
 
 11
 Lastly, we determine that the district court properly proceeded with 11 jurors in this case. We note that it is within the discretion of the court whether or not to select alternate jurors. See Fed.R.Crim.P. 24(c). The defendant and his counsel also stipulated that a valid verdict could be returned by only 11 jurors. Consequently, the defendant properly waived his right to trial by twelve jurors. See Fed.R.Crim.P. 23(b); United States v. Renfro, 620 F.2d 569, 577 (6th Cir.), cert. denied, 449 U.S. 902 (1980). In a related vein, we also conclude that the district court did not abuse its discretion in declining to ask the jury certain voir dire questions submitted by Ostosh. See United States v. Martinez, 981 F.2d 867, 870 (6th Cir.1992), cert. denied, 113 S.Ct. 1874 (1993).
 
 
 12
 Accordingly, we affirm the district court's judgment of conviction and sentence. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, United States District Judge for the Western District of Michigan, sitting by designation