UNITED STATES of America, Plaintiff,

v.

Kevin McFERREN, Defendant.

No. 95–20015–M1.

United States District Court,
W.D. Tennessee,
Western Division.

Dec. 6, 1995.

Joseph C. Murphy, U.S. Attorney's Office, Memphis, TN, for Plaintiff.

A.C. Wharton, Memphis, TN, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR A MISTRIAL

McCALLA, District Judge.

Before the Court is defendant Kevin McFerren's motion for a mistrial. Defendant argues that a mistrial is warranted in this case because the Court dismissed one juror after deliberations had commenced, and allowed deliberations to proceed to final verdict with only eleven (11) jury members. For the reasons stated below, the motion is DENIED.

Defendant Kevin McFerren was indicted on January 24, 1995, by a Federal Grand Jury for the Western District of Tennessee on five counts of narcotics and firearm charges. He pleaded not guilty, and his case was tried by a jury. On September 8, 1995, the defendant was found guilty of all five counts of the indictment.

The jury trial lasted two and one half days, after which it was submitted to a twelve (12) person jury. On the second day of deliberations, the jury announced to the Court that it had reached a verdict as to three counts, but was deadlocked as to the remaining two counts. Shortly thereafter, the government advised and offered proof to the Court that one juror, Henry Smith, had a felony manslaughter conviction. After questioning Smith and confirming his felony conviction, the Court excused Smith. Smith was ex-

cused because, as a felon, he was ineligible to serve on a jury, pursuant to 28 U.S.C. § 1865(b)(5).[1]

After Smith was removed, defendant moved for a mistrial on the grounds that the jury now consisted of less than twelve (12) members. The Court denied the motion and allowed the remaining eleven (11) jurors to proceed with deliberations, pursuant to Rule 23(b) Criminal Rules of Procedure. Thirty-six (36) minutes after Smith was disqualified, the jury returned a verdict of guilty on all counts.

Following the jury's verdict, defendant again moved for a mistrial. The Court took the matter under advisement, and now rules on the motion.

The Court must now consider whether mistrial is appropriate given that it allowed eleven (11) jurors to conclude deliberations to final verdict, and conducted no inquiry regarding any possible prejudice. The first issue concerns the Court's use of Rule 23(b) of the Federal Rules of Criminal Procedure, and the validity of a verdict when a convicted felon has been involved in the jury's deliberations. Assuming it is proper to deliberate with eleven jurors, the Court considers whether it is required, as defendant argues, to question the jury or provide the jury some instruction to assure that the remaining jurors are not adversely influenced or tainted by the presence of the dismissed juror during part of deliberations.

Rule 23(b) of the Federal Rules of Criminal Procedure provides the authority for jury trials with less than twelve (12) jury members,

> Juries shall be of 12 but at any time before the verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12 or that a valid verdict may be returned by a jury of less than 12 should the court find it necessary to excuse one or more jurors for any just cause after trial

1. 28 U.S.C. § 1865(b)(5) provides that no person shall be deemed qualified for federal jury service if he or she "has been convicted in a State or Federal court of record of, a crime punishable by imprisonment for more than one year and his civil rights have not been restored." Defendant admitted after being questioned by the Court that he had been convicted of felony manslaughter and had not had his civil rights restored. Thus, 28 U.S.C. § 1865(b)(5) applies to dismissed juror Henry Smith.

commences. Even absent such stipulation, if the court finds it necessary to excuse a juror for just cause after the jury has retired to consider its verdict, in the discretion of the court a valid verdict may be returned by the remaining 11 jurors.

Fed.R.Crim.P. 23(b).

Defendant's first argument in support of a mistrial in the present case contends that Rule 23(b) does not authorize an eleven (11) member jury deliberation in the present case. Specifically, he argues that: (1) the brief two and one half day trial in this case was not the type of lengthy trial envisioned by the Advisory Committee when it adopted Fed.R.Crim.P. 23(b); (2) dismissal of Smith for his felony conviction does not constitute "just cause" under the Rule; (3) two juries rather than one effectively decided the case; and (4) the government's inquiry to determine whether the dismissed juror had a criminal record was improper.

■ The text of Rule 23(b) does not limit its applicability to lengthy or complex trials. *United States v. Glover*, 21 F.3d 133, 135 (6th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 360, 130 L.Ed.2d 314 (1994). Similarly, the Advisory Committee Note to Rule 23(b) does not restrict that Rule to lengthy or complex trials. The Comment states:

> The Amendment provides that if a juror is excused after the jury has retired to consider its verdict, it is within the discretion of the court whether to declare a mistrial or to permit deliberations to continue with 11 jurors. If the trial has been brief and not much would be lost by retrial, the court might well conclude that the unusual step of allowing a jury verdict by less than 12 jurors absent stipulation should not be taken. On the other hand, if the trial has been protracted, the court is much more likely to opt for continuing with the remaining 11 jurors.

Advisory Committee Note to Rule 23(b) (1983). Contrary to defendant's position, the Comment does not require that the district court decide whether to proceed with eleven (11) jurors based in part on the length of the proceeding. Rather, the Comment simply notes that, subject to the judge's discretion, the length of trial may be a consideration for the trial judge.

Defendant relies on *United States v. Tabacca*, 924 F.2d 906 (9th Cir.1991), to argue that dismissing a juror after a short trial is an abuse of discretion. *Tabacca* involved a two and one half day trial with three government witnesses. After one and one half days of deliberation, the court excused a juror who did not have transportation for one day, and allowed deliberation to proceed with eleven (11) jurors. The Ninth Circuit found the court's action to be an abuse of discretion, but emphasized that its holding depended not only on the brevity of the trial, but also on the dismissed juror's availability the following day. *Tabacca*, 924 F.2d at 915; *United States v. Egbuniwe*, 969 F.2d 757, 761 (9th Cir.1992) (emphasizing the significance of availability of the juror in *Tabacca* to the court's decision in that case, and finding in the case before it that the district court did not abuse its discretion by dismissing a juror after an eight day trial when the juror received extra-judicial information).[2] Thus, *Tabacca* apparently turns largely on the inflexibility of the district court in accommodating the juror's transportation needs, rather than the timing, procedural or substantive requirements of Rule 23(b).

The Sixth Circuit has directly addressed the timing requirements under Rule 23(b). In *Glover*, the Sixth Circuit held that the district court did not abuse its discretion by dismissing an ill juror and allowing an eleven (11) jury panel to conclude deliberations after a three (3) day trial. Interpreting Rule 23(b), the Sixth Circuit stated, "the rule provides no limitation in terms of a trial's length, and the Notes themselves give no definitive guidance." *Glover*, 21 F.3d at 135 (quoting *United States v. Armijo*, 834 F.2d 132, 135 (8th Cir.1987), *cert. denied*, 485 U.S. 990, 108 S.Ct. 1297, 99 L.Ed.2d 507 (1988)). The determining factor when considering whether a jury could deliberate with eleven (11) jurors is not the length of the trial or its complexity,

---

**2.** The appropriate standard for reviewing on appeal a district court's decision to excuse a juror after deliberations have commenced is an abuse of discretion standard. *United States v. Egbuniwe*, 969 F.2d 757, citing *United States v. Tabacca*, 924 F.2d 906, 913 (9th Cir.1991).

but rather, the discretion of the court. *Glover*, 21 F.3d at 136.

Rule 23(b) authorizes a Court to remove a juror for just cause if the Court finds it necessary and if, in the discretion of the court, the remaining jurors can return a valid verdict. The Rule is intended to cover situations in which, after deliberation has commenced, one of the jurors is seriously incapacitated or "otherwise found to be unable to continue service upon the jury." Advisory Committee Note to Rule 23 (1983). A convicted felon is ineligible to serve on a jury. As such, if he lies to the Court claiming he is not a felon and thereby gets sworn in as a juror, and it is discovered during deliberations that he is in fact a felon, he appropriately falls under Rule 23(b)'s criteria, "unable to continue service upon the jury." Therefore, his ineligibility for service is just cause for his removal.

■ Defendant contends that, in effect, two juries decided this matter because the jury had notified the Court that it was in agreement on three counts before Smith was excused from the jury. However, "a jury has not reached a valid verdict until the deliberations are over, the result is announced in open court, and no dissent by a juror is registered." *United States v. Love*, 597 F.2d 81, 85 (6th Cir.1979), quoting *United States v. Taylor*, 507 F.2d 166, 168 (5th Cir.1975). The speed with which the eleven (11) person jury reached a final verdict in this case does not alter the fact that only the eleven (11) person jury deliberated to a final verdict on all counts and officially announced that final verdict to the Court. As only one verdict was reached in this case, only one jury "decided" the case.

■ Defendant also contends that the government acted improperly by investigating Smith's felony status. However, defendant provides no argument or case law to explain what was improper about the government's action. Either party may investigate to determine whether a prospective juror, during jury selection, misrepresented a material fact to the Court and upon determining that a material misrepresentation was made, that party may bring it to the attention of the Court and the opposing party.

■ Defendant alleges that the Sixth Amendment right to a jury is violated when, in a jurisdiction in which twelve (12) person juries are required in criminal cases, an ineligible juror is empaneled as part of the required twelve jurors, and an eleven (11) person jury renders the final verdict. Defendant's position is that his trial never consisted of a twelve (12) person jury because, unbeknownst to the defense, the government and the Court, one person was ineligible for jury duty.

The Constitution itself does not guarantee to the defendant in a criminal trial a jury of twelve. *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). Federal Rule of Criminal Procedure 23 incorporates the common law requirement of a jury of twelve as a requirement. In 1983, that rule was amended to permit under certain circumstances, as detailed in Rule 23(b), juries of less than twelve members. *United States v. Araujo*, 62 F.3d 930, 933 (7th Cir.1995). Moreover, case law contradicts defendant's position. To the extent that defendant argues a valid jury was never empaneled, this case is analogous to cases holding that if a jury of twelve reaches and reports a verdict to the trial court, and subsequently, it is discovered that one juror is a convicted felon, the verdict is still valid. While no Sixth Circuit case law addresses the issue, other courts have found that, despite convicted felons' statutory ineligibility for jury service, a verdict returned by a jury that includes a convicted felon can be valid. *See United States v. Humphreys*, 982 F.2d 254, 260 (8th Cir.1992); *United States v. Boney*, 977 F.2d 624, 632–36 (D.C.Cir.1992); *Ford v. United States*, 201 F.2d 300, 301–02 (5th Cir.1953).

■ The second prong of defendant's argument for a mistrial concerns possible taint or prejudice of the remaining jurors. Defendant argues that the Court improperly submitted the matter to final verdict, without first holding an evidentiary hearing to determine if any bias or taint existed.

Defendant does not allege that the remaining eleven (11) jurors were prejudiced by Smith's presence during part of the delibera-

tions. Rather, he argues that Smith's presence and removal raises a presumption of prejudice which must be overcome, and absent some clarification by way of the court's investigation of that possible taint, a mistrial is required. Defendant contends that as a result of this presumption, the government carries the burden to prove beyond a reasonable doubt that no harm existed.

■ However, the burden to prove that the jury was prejudiced in this case is on defendant. *United States v. Zelinka*, 862 F.2d 92, 95 (6th Cir.1988); *Humphreys*, 982 F.2d at 261 (ruling on plaintiff's motion for a new trial, "it is incumbent upon the defendant to clearly demonstrate that the juror's lack of qualification presented actual bias or prejudice, affecting the juror's impartiality and impacting the fairness of the trial").

Defendant's argument for the existence of a presumption of taint apparently rests on an inference that when a court holds an evidentiary hearing to determine bias, prejudice or taint, it does so because a presumption of bias exists. Such an inference is unfounded, as courts may perform evidentiary hearings for a variety of reasons, including an abundance of caution or concern, irrespective of any legal presumption of bias, prejudice or taint.

Cases cited by defendant for the proposition that a presumption of bias do not so hold, and are distinguishable from the present case. The cited cases involve juror misconduct or improper extrinsic material. They do not involve, as in the present case, juror disqualification based on ineligibility status. *See Zelinka*, 862 F.2d 92 (finding no bias after conducting an evidentiary hearing to determine if jurors were biased by overhearing a spectator's comment about the case), *U.S. v. Armstrong*, 909 F.2d 1238 (9th Cir.1990), *cert. denied* 498 U.S. 870, 111 S.Ct. 191, 112 L.Ed.2d 153 (1990) (finding no bias after conducting an evidentiary hearing to determine if jurors were biased by a juror's comment before deliberation that the defendant was guilty); *United States v. Seeright*, 978 F.2d 842 (4th Cir.1992) (finding no bias after conducting an evidentiary hearing to determine if jurors were biased by a juror's independent investigation); *United States v.*

*Shackelford*, 777 F.2d 1141, 1145 (6th Cir. 1985), *cert. denied, Brooks v. United States*, 476 U.S. 1119, 106 S.Ct. 1981, 90 L.Ed.2d 663 (1986) (finding no hearing necessary where juror spoke to wife during deliberations, but noting that a trial court's refusal to permit an evidentiary hearing may constitute an abuse of discretion when the alleged jury misconduct involves extrinsic influences).

At the hearing on his motion for mistrial, defense counsel cited *Seeright* as support for the position that the Court was required to hold an evidentiary hearing before dismissing one juror and allowing the remaining jurors to proceed with deliberations. In *Seeright*, the Fourth Circuit upheld the district court's dismissal of a juror during deliberations and upheld the verdict reached by an eleven (11) member jury. The Fourth Circuit found the dismissal appropriate in light of the circumstances, including the district court's interview of the juror who received extraneous material and of the remaining jurors, to determine whether they had been prejudiced in any way by the material. While the Fourth Circuit upheld the district court's actions in part because the court investigated the extent of possible prejudice before allowing the eleven (11) member jury to proceed, the holding does not establish any requirement that a trial court conduct such an investigation.

Defendant relies on cases involving situations where all jurors could have been subjected to improper information. The concern in *Seeright* involved extraneous material generated from an independent investigation of evidence by a juror. Thus, the reason for the juror's removal, the extra-judicial information, could have applied to all jurors. In the present matter, the reason for the juror's removal, a felony conviction, did not apply to all jurors, but was specific to the individual removed. As such, it did not carry an equivalent capacity for prejudice or taint as did the reason for removal in *Seeright*.

■ Significantly, defendant never requested that the Court conduct an inquiry of the jury to determine if the remaining eleven (11) jurors were prejudiced by Smith. A court is not required to hold, without motion

from either party, an evidentiary hearing on juror bias when the reason for removal of a juror is that the juror is a convicted felon. While courts have held evidentiary hearings on the issue of juror qualification, and at least one court has found an abuse of discretion where the district court denied defendant's motion to hold an evidentiary hearing, defendant has not produced, nor has the Court found, any case law holding that the district court has a duty to conduct *sua sponte* an evidentiary hearing to determine if jurors were prejudiced by another juror's presence. Defendant cannot now fault the Court for not holding an evidentiary hearing on juror prejudice when defendant never requested any such hearing before deliberations resumed.

A district court is not required to conduct an inquiry to determine if members of a jury are prejudiced or otherwise tainted anytime a convicted felon has participated in part of the deliberations. Rather, the Court has discretion to decide if continued deliberation is appropriate under the Rule. *Egbuniwe*, 969 F.2d 757; *United States v. Ramos*, 861 F.2d 461, 466 (6th Cir.1988), quoting *Armijo*, 834 F.2d at 135. In this case, no concern of extrinsic material, improper investigation or improper information existed. The concern was simply the eligibility for service of one juror. Once Smith was excused, the Court, in its discretion, determined the improper influence had been removed and the deliberations could proceed to final verdict, pursuant to Rule 23(b).

For the above reasons, the Court finds that a mistrial is not warranted in this case. Defendant's motion for mistrial is hereby DENIED.

SO ORDERED.