**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nick SIMS, Defendant–Appellant.**

**No. 01–2020.**

United States Court of Appeals,
Sixth Circuit.

June 24, 2003.

Before GUY and MOORE, Circuit Judges; and BECKWITH,* District Judge.

BECKWITH, District Judge.

Defendant–Appellant Nick Sims raises two issues in this appeal. First, Defendant contends that the district court abused its discretion under Rule 33 of Federal Rules of Criminal Procedure when it denied his motion for a new trial based on newly discovered evidence. Second, Defendant argues that his sentence for conspiracy to distribute cocaine and distribution of cocaine was imposed in violation of the U.S. Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the determination of the quantity of drugs which was used to enhance his sentence was made by the district court and not a jury. Finding no merit to either contention, we affirm the district court's judgment.

I.

At issue on this appeal is an October 17, 1991 incident in which Michigan State Trooper Lynn Sanders, acting in an undercover capacity, purchased approximately a half kilogram of crack cocaine from a man named Matt Hinkle. At trial, Sanders testified that on October 16, 1991, he told

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.

Hinkle that he was looking to buy a half kilogram of crack. Hinkle responded that he could get that amount and that the price would be $10,400. The next day Hinkle contacted Sanders, and together they drove to two separate locations in Flint, Michigan so that Hinkle could gather up the requested amount. J.A. at 151–54. Nothing in Sanders' testimony tied Defendant to this transaction. Later in the trial, however, Marvin Lee testified about a February 18, 1992 crack purchase he arranged from Defendant on behalf of Sanders. Lee stated that when Defendant first learned that Sanders was the buyer, Defendant did not want to deal with Sanders because he was suspicious because Sanders had used all $100 bills to pay for the half kilogram of crack in October. J.A. at 255–58. Lee's testimony obviously implicated Defendant in the October transaction.

On June 25, 1993, the federal grand jury in Flint returned a two-count indictment charging Defendant with conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846 (Count One), and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2). The case went to trial September 21 through September 22, 1993 and resulted in Defendant being convicted on both counts of the indictment. The trial judge sentenced Defendant to concurrent terms of 324 months of imprisonment and ten years of supervised release. Defendant's convictions and sentence were affirmed on direct appeal. *United States v. Sims*, No. 94–1327, 1995 WL 138914 (6th Cir. Mar.28, 1995).

On April 21, 1997, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant's § 2255 motion raised a number of issues no longer relevant here. However, in his reply brief to the government's memorandum in opposition to the motion,

Plaintiff attached the affidavit of Matt Hinkle, dated September 22, 1997. In his affidavit, Hinkle stated that Defendant did not supply him with the crack cocaine sold in the October 17, 1991 transaction, that he (Hinkle) retrieved the crack from his own stash houses, and that Defendant had no knowledge of, nor was he associated with, the cocaine involved in that transaction. The district court interpreted Defendant's attachment of Hinkle's affidavit as a motion for a new trial based on newly discovered evidence pursuant to Rule 33 of the Federal Rules of Criminal Procedure 33. The district court ruled, however, that the motion was untimely and entered judgment in favor of the government. On appeal from that judgment, a panel of this Court found that the district court misapplied the limitations period in Rule 33 and remanded the case for further proceedings. *Sims v. United States*, No. 98–1228, 1999 WL 1000855 (6th Cir. Oct.29, 1999).

The district court held an evidentiary hearing on Defendant's motion for a new trial on June 21, 2000 and entered a written decision denying the motion on July 2, 2001. In its decision, the district court found that Defendant failed to establish three of the four factors for granting a motion for a new trial based on newly discovered evidence as set forth in *United States v. Barlow*, 693 F.2d 954 (6th Cir. 1982). Under Rule 33, in order to obtain a new trial based on newly discovered evidence, the defendant must show that the evidence: 1) was discovered only after trial; 2) could not have been discovered with due diligence; 3) is material and not just cumulative or impeaching; and 4) would likely produce an acquittal if the case were retried. *Id.* at 966. We review a district court's judgment on a Rule 33 motion for a new trial under the abuse of discretion standard. *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir.1995). An abuse of discretion occurs when the reviewing court is

firmly convinced that a mistake has been made. *Harrison v. Metropolitan Gov't,* 80 F.3d 1107, 1112–13 (6th Cir.1996). A court also abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). In this case, the district court clearly did not abuse its discretion in denying Defendant's motion for a new trial.

■ Defendant argues that Hinkle's affidavit is newly discovered evidence because, at the time of his trial, he could not have known that Hinkle would come forward and testify truthfully that he played no part in the October 17, 1991 crack purchase until Hinkle provided his affidavit in 1997. Defendant apparently assumes that had Hinkle been called at trial, he would have asserted his Fifth Amendment right not to testify. Under Defendant's theory, Hinkle's affidavit establishes his actual innocence in this transaction and then creates a domino effect wherein the remaining overt acts proved at trial are insufficient to support a conspiracy conviction, thus leading to his acquittal on this charge.

Our cases firmly establish that if a defendant is aware of the evidence at the time of trial, then it is not newly discovered evidence under Rule 33. *See United States v. Pierce,* 62 F.3d 818, 824–25 (6th Cir.1995); *United States v. Hawkins,* 969 F.2d 169, 175 (6th Cir.1992); *United States v. Seago,* 930 F.2d 482, 488–89 (6th Cir. 1991). Furthermore, this Court has held that where a witness who has indicated to the defendant either an unwillingness to testify truthfully at trial, or has indicated an intention to assert the Fifth Amendment privilege against self-incrimination at trial, but later supplies an affidavit exonerating the defendant of the offense, the affidavit is merely newly *available* evidence, but it is not newly *discovered* evidence. *United States v. Turns,* 198 F.3d 584, 587–88 (6th Cir.2000); *United States v. Glover,* 21 F.3d 133, 138–139 (6th Cir. 1994). Moreover, the *Turns* Court implicitly held that a post-trial affidavit exonerating the defendant that was provided by a witness who could have been called at trial, but was not, can never be considered newly discovered evidence under Rule 33. The reasoning is that a defendant should not be allowed to sandbag the fairness of the trial by withholding or failing to seek out material, probative evidence and then collaterally attacking his conviction under Rule 33. *Turns,* 198 F.3d at 588 (citing *Baumann v. United States,* 692 F.2d 565, 580 (9th Cir.1982)).

Hinkle's affidavit does not constitute newly discovered evidence. In his brief, Defendant admits that he was aware at the time of his trial of Hinkle's involvement in the October 17, 1991 crack purchase. Def. Brief. at 7, 12. In addition, Defendant testified at trial that he was friends with Hinkle prior to the October transaction. J.A. at 183–85. Thus, Hinkle was not a witness who was hidden or unknown to Defendant at the time of trial. Moreover, since Defendant asserts that he was not involved in this transaction, then he certainly knew that Hinkle, as a party to the transaction, was in possession of exculpatory information. Indeed, Defendant admits that what was unknown to him at the time of trial was not the substance of Hinkle's testimony, but rather that Hinkle would be willing to come forward with exculpatory evidence. Def. Brief at 11. Reading between the lines of Defendant's brief, however, it appears that at the time he never asked Hinkle if he would be willing to testify and in fact only assumed that Hinkle would assert the Fifth Amendment at trial. If anything, this omission puts Defendant in a worse position than the defen-

dants in both *Turns* and *Glover*, who at least knew at the time of trial that their witnesses were not willing to provide exculpatory testimony. Yet, in both cases, this Court ruled that the witnesses' posttrial affidavits exonerating the defendants were only newly available evidence, not newly discovered evidence. Furthermore, Defendant's apparent neglect to even seek out Hinkle as a witness falls squarely within the concern raised by the Court in *Turns* that a criminal defendant should not be able to parlay his failure to seek out probative evidence into a successful collateral attack on his conviction. Thus, at most, Hinkle's affidavit constitutes only newly available evidence.

■ Even if we were to agree with Defendant that Hinkle's affidavit is newly discovered evidence, his theory that the affidavit begins a chain of events resulting in his acquittal on the conspiracy charge rests on the faulty premise that the government was required to prove an overt act to obtain a conviction on this offense. In fact, however, it is well-established that the government need not prove any overt act in furtherance of the conspiracy in order to secure a conviction under 21 U.S.C. § 846. *United States v. Layne,* 192 F.3d 556, 567 (6th Cir.1999); *United States v. Spearman,* 186 F.3d 743, 745–47 (6th Cir.1999); *United States v. Bourjaily,* 781 F.2d 539, 544 (6th Cir.1986); *United States v. Dempsey,* 733 F.2d 392, 396 (6th Cir. 1984). The government is required to prove beyond a reasonable doubt only three elements in a § 846 prosecution: 1) an agreement to violate the drug laws; 2) knowledge of and intent to join the conspiracy; and 3) participation in the conspiracy. *United States v. Welch,* 97 F.3d 142, 148–49 (6th Cir.1996). As the district court pointed out in its written decision, there was substantial evidence supporting the conclusion that Defendant violated

§ 846, including: testimony from Marvin Lee about his drug purchases from Defendant as well as his introduction of Trooper Sanders to Defendant in order to facilitate further purchases of cocaine (J.A. at 48–60); testimony from Herbert Chapman about his purchases of cocaine from Defendant as well as his observations of Defendant's involvement in drug transactions with other persons (*Id.* at 310–23); and testimony from Ricky Bowie about his involvement purchasing cocaine from Defendant as well as Defendant's attempts to acquire a supply of cocaine from him (*Id.* at 169–78). In short, even accepting Defendant's premise that Hinkle's affidavit demonstrates Defendant's actual innocence in the October 17, 1991 transaction, the affidavit would not likely result in an acquittal in a new trial because there was substantial other evidence supporting the conspiracy conviction.

In summary, the district court did not abuse its discretion in denying Defendant's motion for a new trial. Hinkle's affidavit is neither newly discovered evidence nor is it likely to result in an acquittal for Defendant if the case were retried. Accordingly, the judgment of the district court denying Defendant's motion for a new trial is AFFIRMED.

## II.

Defendant also contends that he should be resentenced on both counts of the indictment because Hinkle's affidavit establishes his actual innocence as to 479.5 grams used to calculate his sentence and because the district court, and not a jury, determined the quantity of drugs involved in the offenses in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have already addressed and rejected Defendant's contention that Hinkle's affidavit merits a retrial on the issue of guilt and we believe

that those same justifications apply for rejecting Defendant's argument that Hinkle's affidavit requires re-sentencing on the quantity of drugs.

In any event, although Defendant may be correct that if the 479.5 grams from the October 17 transaction were not attributed to him, his sentencing range would have been 210–262 months instead of 324–405 months, this is insufficient to find that the sentence exceeded that permitted by law, as § 2255 requires. Hinkle's testimony that Defendant did not supply him with the drugs in the October 17 transaction does not resolve the question, for conspirators can be held liable for the acts attributable to "all reasonably foreseeable acts and omissions of co-conspirators in furtherance of the conspiracy." *United States v. Neuhausser*, 241 F.3d 460, 475 (6th Cir.2001) (pointing to U.S.S.G. § 1B1.3, Application Note 2); *see also United States v. Bingham*, 81 F.3d 617, 624–25 (6th Cir.1996). Here, Hinkle's 479.5–gram sale was a foreseeable aspect of the conspiracy. Given the other evidence of Defendant's involvement in the conspiracy with Hinkle, and in particular the government informant's uncontroverted testimony that Defendant had claimed being a part of the Sanders transaction, the quantity was properly considered in Defendant's conspiracy sentence.

Defendant's contention that he was sentenced in violation of *Apprendi* is without merit as well. Defendant acknowledges that he was convicted and sentenced long before the Supreme Court decided *Apprendi* and on two different occasions this Court has held that *Apprendi* is not to be applied retroactively. *Goode v. United States*, 305 F.3d 378, 381 (6th Cir.2002) (holding *Apprendi* does not apply retroactively to initial § 2255 motions); *In re Clemmons*, 259 F.3d 489, 493 (6th Cir.2001)(holding *Apprendi* does not apply

retroactively to second or successive § 2255 motions). Thus, there is no basis upon which to revisit the sentence imposed by the district court.

### Conclusion

For the foregoing reasons, the judgment of the district court denying Defendant's motion for a new trial is AFFIRMED.

MOORE, Circuit Judge, concurring.

MOORE, Circuit Judge.

I agree with the court's determination that Hinkle's affidavit was not likely to produce an acquittal if the case were retried, and I would affirm the decision denying the Defendant's Motion for a New Trial on that ground. I also agree with Part II of the court's opinion.