**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-7466**

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DONALD GRIFFIN,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, Senior District
Judge.  (1:08-cr-00033-JFM-1)

———————————

Submitted:  June 15, 2012            Decided:  July 24, 2012

———————————

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Steven M. Klepper, KRAMON & GRAHAM, PA, Baltimore, Maryland, for
Appellant.  Rod J. Rosenstein, United States Attorney, Michael
C. Hanlon, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Donald Griffin (Griffin) was convicted of carjacking, 18 U.S.C. § 2119, possession of a firearm in furtherance of a crime of violence, id. § 924(c), and possession of a firearm by a convicted felon, id. § 922(g)(1), and sentenced to 360 months' imprisonment. On direct appeal, we affirmed the judgment below in toto. United States v. Griffin, 391 F. App'x 311 (4th Cir. 2010). Subsequently, Griffin timely moved for a new trial under Federal Rule of Criminal Procedure 33 (Rule 33), based upon information that he characterizes as newly discovered evidence. The district court denied Griffin's Rule 33 motion. We affirm.

Under Rule 33, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33 further provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Id. 33(b)(1) (emphasis added). To receive a new trial based on newly discovered evidence under Rule 33, a defendant must demonstrate: (1) the evidence is newly discovered; (2) he has been diligent in uncovering it; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues involved; and (5) the evidence would probably produce an acquittal.

2

United States v. Lighty, 616 F.3d 321, 374 (4th Cir. 2010).  We review a district court's denial of a motion for a new trial under Rule 33 for abuse of discretion.  Id.

Griffin's proffer of newly discovered evidence in support of his Rule 33 motion consisted of a sworn declaration containing a single sentence by Griffin's former codefendant, Darrick Fraling (Fraling), stating that "I MR. Darrick Fraling JR. would testify that MR. Griffin did not take part in the October 31, event that me and two other individuals took part in."[*] (J.A. 15).  Fraling executed the declaration approximately two and one-half years after he pled guilty to one count of carjacking on the third day of his and Griffin's joint trial.  Moreover, immediately after Fraling pled guilty, Griffin notified the district court of his intention to call Fraling as a witness for the defense.  The record is undisputed that Fraling promptly informed both the district court and Griffin that, if called to testify during Griffin's trial, he would invoke his Fifth Amendment right against self-incrimination under the United States Constitution and refuse to testify.

The district court denied Griffin's Rule 33 motion on the ground that Fraling's sworn declaration does not constitute

---

[*] The indictment in this case charged that all of the offense conduct occurred on or about October 31, 2007.  The evidence at trial was wholly consistent with this date.

3

newly discovered evidence within the meaning of Rule 33. We agree. First, the record is undisputed that Griffin knew of Fraling when he went to trial and tried to call Fraling as a defense witness during his trial after Fraling's guilty plea. Second, based upon Griffin's testimony during his trial in which he denied any participation in the carjacking and related criminal activity on October 31, 2007, as charged in the indictment, logic dictates that Griffin sought to call Fraling as a witness during his trial to give the very same exculpatory testimony (i.e., denial of Griffin's involvement) that he now argues should afford him a new trial. A fortiori, such testimony is not newly discovered evidence.

The fact that Fraling invoked his Fifth Amendment right against self-incrimination and refused to testify during Griffin's trial, but approximately two and one half years later expressed his willingness to do so does not transform Fraling's single-sentence declaration into newly discovered evidence. Based upon a plain language reading of the term "newly discovered" in Rule 33(b)(1), the overwhelming majority of our sister circuits that have considered the issue agree that when a defendant is aware of the substance of exculpatory testimony that a codefendant could provide during the defendant's trial, the codefendant refuses to testify at the defendant's trial by invoking the Fifth Amendment, and, post-trial, the codefendant

4

expresses a willingness to testify, the codefendant's potential testimony is not newly discovered evidence within the meaning of Rule 33. See, e.g., United States v. Owen, 500 F.3d 83, 89 (2d Cir. 2007); United States v. Jasin, 280 F.3d 355, 367-68 (3d Cir. 2002); United States v. Freeman, 77 F.3d 812, 817 (5th Cir. 1996); United States v. Theodosopoulos, 48 F.3d 1438, 1448-49 (7th Cir. 1995); United States v. Glover, 21 F.3d 133, 138 (6th Cir. 1994); United States v. Muldrow, 19 F.3d 1332, 1339 (10th Cir. 1994); United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir. 1992); United States v. DiBernardo, 880 F.2d 1216, 1224-25 (11th Cir. 1989). We have approved of this principle in the context of considering a habeas petition under 28 U.S.C. § 2254. See Cagle v. Branker, 520 F.3d 320, 325-26 (4th Cir. 2008) (state court's decision not to reopen defendant's capital sentencing in order to hear exculpatory testimony of codefendant who invoked his Fifth Amendment right not to testify during trial because, inter alia, codefendant's potential testimony was not newly discovered was reasonable, and nothing about such decision involved deficient fact-finding or a violation of clearly established federal law).

Griffin acknowledges that the weight of authority is against him regarding the "newly discovered evidence" issue. However, he urges us to adopt the approach of the United States Court of Appeals for the First Circuit in United States v.

5

<u>Montilla-Rivera</u>, 115 F.3d 1060 (1st Cir. 1997), in which the First Circuit held that "newly available evidence" constitutes "newly discovered evidence" within the meaning of Rule 33. We decline to follow the First Circuit's approach because it is inconsistent with the plain and unambiguous term "newly discovered evidence" found in Rule 33(b)(1). If the defendant knew about the evidence prior to the conclusion of his trial, by definition, the evidence cannot be newly discovered after such trial. <u>See, e.g.</u>, <u>Jasin</u>, 280 F.3d at 368 (rejecting defendant's argument that "newly available evidence" is synonymous with "newly discovered evidence" for purposes of Rule 33 on ground that such argument "cannot overcome the unambiguous language of Rule 33, which contemplates granting of new trial on the ground of 'newly discovered evidence' but says nothing about newly available evidence").

Because we agree with the district court that Griffin's proffered evidence was not "newly discovered" within the meaning of Rule 33, we hold the district court did not abuse its discretion in denying Griffin's Rule 33 motion. We also reject Griffin's argument that the district court committed reversible error by refusing to hold an evidentiary hearing on his Rule 33 motion.

For the reasons stated, we affirm the judgment below <u>in toto</u>. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED