107 F.3d 872
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Bud RIGGINS and Donald McVean, Defendants-Appellees.
 No. 95-5552.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1997.
 
 Before: KENNEDY and COLE, Circuit Judges; and O'MALLEY, District Judge.*
 PER CURIAM.
 
 
 1
 The United States Government appeals the district court's order granting the defendants' motion for a new trial based on newly discovered evidence. For the following reasons, we reverse.
 
 I.
 
 2
 Following a trial by jury, defendants Bud Riggins and Donald McVean were convicted of conspiracy and attempt to manufacture a hallucinogen known as "3, 4-methylenedioxyamphetamine" ("MDA") in violation of 21 U.S.C. § 846 and possession of triple-neck round-bottom flasks with intent to manufacture MDA in violation of 21 U.S.C. § 843(a)(6). Pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, the defendants moved the district court for a judgment of acquittal or, in the alternative, for a new trial. On December 11, 1992, the district court granted the motion for judgment of acquittal, concluding that the defendants' convictions were not supported by sufficient evidence. Upon the government's appeal, this court reversed the decision of the district court in an opinion filed on February 23, 1994. The defendants then unsuccessfully sought a writ of certiorari in the United States Supreme Court. See United States v. Riggins, No. 93-5075, 1994 WL 54307 (6th Cir. Feb. 23, 1994), cert. denied, 115 S.Ct. 187 (1994). Following the denial of the defendants' certiorari petition, this court, pursuant to its earlier disposition of the case, issued its mandate on January 9, 1995, remanding the case to the district court for further proceedings.
 
 
 3
 Less than two months later, on February 23, 1995, the defendants filed a motion for a new trial on the basis of newly discovered evidence. In their motion, the defendants claimed that they had recently discovered various scientific articles which, if presented at their trial, would have rebutted the testimony of an expert witness for the government. After hearing testimony as to the probative value of the defendants' proffered evidence, the district court granted the motion. The government appeals the district court's order.
 
 II.
 
 4
 The government first argues that the district court did not have jurisdiction to grant the defendants' motion for a new trial. Whether a trial court has jurisdiction to grant a motion for a new trial is a question of law subject to de novo review. United States v. Haddock, 956 F.2d 1534, 1544 (10th Cir.), reh'g granted on other grounds, 961 F.2d 933 (10th Cir.1992); United States v. Walgren, 885 F.2d 1417, 1426 (9th Cir.1989).
 
 
 5
 This Court reversed the district court's grant of the defendants' motion for judgment of acquittal, and remanded the case for further proceedings. Rule 33, which governs motions for a new trial, provides that "[a] motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment." Fed.R.Crim.P. 33. The district court has not yet sentenced the defendants, so there has been no final judgment. E.g., United States v. Bratcher, 833 F.2d 69, 71 (6th Cir.1987) ("Final judgment in a criminal case means sentence. The sentence is the judgment.") (citation omitted). Because the defendants' motion was filed before final judgment, it complies with Rule 33's time constraints; therefore, the district court had jurisdiction to grant the defendants' motion.
 
 III.
 
 6
 The government next contends that, even if the district court had jurisdiction to entertain the motion, it abused its discretion by granting the motion for a new trial on the basis of newly discovered evidence. A district court may grant a new trial if required in the interests of justice, United States v. Glover, 21 F.3d 133, 138 (6th Cir.1994), and the decision to grant or deny a motion for a new trial rests within the district court's discretion. United States v. Braggs, 23 F.3d 1047, 1050 (6th Cir.1994); United States v. Seago, 930 F.2d 482, 488 (6th Cir.1991). "An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made." United States v. Winston, 37 F.3d 235, 239 (6th Cir.1994) (citation omitted). Motions for a new trial based upon newly discovered evidence are disfavored, however, and should be granted with caution. United States v. O'Dell, 805 F.2d 637, 640 (6th Cir.1986). In the present case, we conclude that the district court abused its discretion by granting the defendants' motion for a new trial because the defendants failed to show that they could not have located the alleged newly discovered evidence before or during trial. Braggs, 23 F.3d at 1050; Seago, 930 F.2d at 488; O'Dell, 805 F.2d at 640.
 
 
 7
 A motion for a new trial based on newly discovered evidence should not be granted unless the defendant satisfies the requirements enumerated in United States v. O'Dell, 805 F.2d at 640. In order to satisfy the four prongs of the O'Dell test, the defendant must establish that: (1) the new evidence was discovered after trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal. Id.; accord United States v. Oliver, 683 F.2d 224, 228 (7th Cir.1982); United States v. Wright, 625 F.2d 1017, 1019 (1st Cir.1980); United States v. Antone, 603 F.2d 566, 568-69 (5th Cir.1979).
 
 
 8
 The defendants argue that they are entitled to a new trial based on various scientific articles which they did not discover until after they were convicted. Specifically, the defendants argue that these articles could have been used to rebut the testimony of Odiest Washington, a chemist employed by the Drug Enforcement Administration and one of the government's chief witnesses, concerning the defendants' intended method for processing MDA.
 
 
 9
 The articles presented by the defendants were published at least two years before their trial; one of the articles was published in 1990, another in 1954 and the last article in 1956. Additionally, one of the defendants' experts, testifying solely in relation to defendants' motion for a new trial, acknowledged that computerized research systems for chemical abstracts have been in "real high prominence" since 1992, the year of the defendants' trial, and that he could have located the relevant articles by using such a system. Furthermore, the defendants retained two chemists to present expert testimony at trial as to the methods for processing MDA. Presumably, because these experts were retained to testify as to the manufacturing of MDA, they could have identified any relevant articles on that process in preparation for their trial testimony.
 
 
 10
 We fail to see why the defendants could not, with due diligence, discover these or other articles that would assist them in rebutting the Washington's testimony. The defendants maintain that they could not have located the articles earlier because the government waited until the start of trial to reveal Washington's theory as to how the defendants processed the MDA. Thus, the defendants claim that their defense experts had insufficient time to study the synthesis model or locate the articles necessary to discredit Washington's theory. However, if the government's delay in disclosing the synthesis model left the defendants unprepared to rebut that part of the government's case, the defendants' proper course of conduct would have been to request a continuance. Any holding to the contrary would allow criminal defendants to research academic literature after their convictions and move for new trials whenever their research revealed useful articles.
 
 
 11
 Because the defendants failed to demonstrate that the articles in question could not have been discovered earlier with due diligence, we hold that the district court abused its discretion by granting the defendants' motion for a new trial. See O'Dell, 805 F.2d at 640.
 
 IV.
 
 12
 For the above reasons, we REVERSE the district court's order granting the defendants' motion for a new trial based on newly discovered evidence, and REMAND this case for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation