Donald **MCVEAN**, Petitioner–Appellant,

v.

**UNITED STATES of America,** Respondent–Appellee.

No. 02–5593.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2004.

Donald McVean, pro se, Coleman, FL, for Petitioner–Appellant.

Candace G. Hill, Terry M. Cushing, Asst. U.S. Attorney, U.S. Attorney's Office, Louisville, KY, for Respondent–Appellee.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

### ORDER

Donald McVean, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In August 1998, a jury convicted McVean of conspiring to manufacture methylenedioxyamphetamine ("MDA") in violation of 21 U.S.C. § 846, attempt to manufacture MDA in violation of 21 U.S.C. § 846, possession of triple neck round bottom flasks with intent to manufacture MDA in violation of 21 U.S.C. § 846(a)(6), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). The district court granted McVean's post-trial motion for judgment of acquittal based on insufficient evidence as to the three counts related to the manufacture of MDA. On appeal, a panel of this court reversed and reinstated the convictions. *United States v. Riggins,* Nos. 93–5075, 1994 WL 54307 (6th Cir. Feb. 23, 1994).

Thereafter, McVean filed a motion for a new trial, based on newly discovered evidence. The district court granted the motion. On appeal, a panel of this court reversed. *United States v. Riggins,* No. 95–5552, 1997 WL 63355 (6th Cir. Feb. 13, 1997). McVean filed a third motion for a new trial, arguing that counsel had rendered ineffective assistance. The district

court denied the motion. Subsequently, the district court sentenced McVean to 241 months of imprisonment. A panel of this court affirmed his sentence. *United States v. Riggins,* Nos. 98–6138, 2000 WL 282464 (6th Cir. Mar. 8, 2000).

McVean filed a timely § 2255 motion, arguing that: 1) counsel rendered ineffective assistance; 2) the government violated his due process rights by suppressing and destroying material evidence; and 3) his sentence is illegal in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Upon review, the district court concluded that McVean's claims lacked merit, and it denied the § 2255 motion. The court also denied McVean a certificate of appealability ("COA"). Thereafter, McVean filed a motion to alter or amend the district court's judgment. The district court denied the motion. However, upon reconsideration, the court did grant McVean a COA as to whether counsel rendered ineffective assistance when he failed to move for a continuance in order to explore exculpatory evidence and to prepare for cross-examination of a government witness. This court denied McVean a COA as to his remaining claims.

The district court properly denied McVean's § 2255 motion to vacate. We review de novo a district court's denial of a § 2255 motion, but review its findings of fact for clear error. *Riggs v. United States,* 209 F.3d 828, 831 (6th Cir.2000). To establish ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that the deficient performance so prejudiced the defense as to render the trial unfair and the result unreliable. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Counsel did not render ineffective assistance. Counsel appears to have made a

tactical decision to move forward with the proceedings and attempt to impeach the government's expert chemist (Odest Washington) without moving for a continuance. McVean has not presented anything to overcome the presumption that this decision constitutes sound trial strategy. Indeed, he concedes that a motion for a continuance "would not have been taken well by [the district] Court." Nonetheless, even if we were to conclude that counsel's performance was deficient, McVean has not established that counsel prejudiced his defense. McVean argued that counsel should have discovered certain scientific articles concerning methods used for preparing MDA. He stated that these articles could have been used to cast doubt on Washington's testimony and to establish that the government's theory had been rejected by the scientific community. However, even if counsel had discovered these articles and used them during his cross-examination of Washington, there is no reasonable probability that the result of the proceedings would have been different. At most, the evidence could have been used to impeach Washington and create a conflict in the evidence. This would have been insufficient to establish a likelihood of acquittal. *See United States v. Seago,* 930 F.2d 482, 491 (6th Cir.1991). The record still reflects that Washington assisted in a detailed search of the property that disclosed numerous chemicals and instruments used in the production of drugs. Washington testified that he was able to produce MDA by combining some of the same chemicals as those discovered during the search. Hence, McVean has not established that the result of the proceeding would have been different but for counsel's unprofessional errors. *See McQueen v. Scroggy,* 99 F.3d 1302, 1311 (6th Cir.1996)

Finally, contrary to McVean's argument, this court's prior decision did not hold that counsel had rendered ineffective assistance. Rather, the court rejected the mer-

its of McVean's claim that he was entitled to a new trial based on newly discovered evidence. *See Riggins,* 1997 WL 63355, at *3. The court was not faced with the question of whether counsel had rendered ineffective assistance.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.