51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nick SIMS, Defendant-Appellant.
 No. 94-1327.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Nick Sims was convicted of one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1); 21 U.S.C. Sec. 846, and one count of distributing cocaine. 21 U.S.C. Sec. 841(a)(1). His only challenge on appeal is to the district court's denial of his motion to suppress. We AFFIRM.
 
 I.
 
 2
 On February 24, 1992, Roderick Dean LeGardye, an officer with the Flint Police Department, stopped defendant for traffic violations. Defendant had left his car, a 1984 Buick Century, in the middle of the street. Moreover, its windshield was cracked. Defendant told the officer his name was Eric Furlow, but he had no identification to verify that fact. LeGardye arrested him. A search of the car revealed a bag containing Hi-Caine[1] between the seats.
 
 
 3
 Defendant waived his Miranda rights and told Lt. Barksdale, of the Special Operations Division, that the Hi-Caine belonged to his girlfriend, Sharon Johnson, and that it had been in the car when he borrowed it from her. Defendant also told the officer that he lived at 2202 Wolcott with Ms. Johnson, and that he had a gun there, but no drugs.
 
 
 4
 Ms. Johnson consented to a search of the residence. The officers found several firearms, more Hi-Caine, and some cocaine.
 
 
 5
 Defendant moved to suppress the fruits of the search of the Buick Century and 2202 Wolcott. The district court conducted an evidentiary hearing, and denied the motion. Defendant was convicted by a jury and later sentenced to 324 months. This appeal followed.
 
 II.
 
 6
 Defendant contends that his arrest on February 24, 1992, and attendant search of his car were pretextual. In support of his pretext argument, defendant points out that he was charged merely with minor traffic violations, and that the owner of the car, Ms. Johnson, could have been asked to drive it home.
 
 
 7
 At the evidentiary hearing, LeGardye testified that he saw the Buick stopped in the middle of the street, and that the car had a cracked windshield, traffic offenses for which he apparently had the discretionary authority to issue citations. The district court credited LeGardye's testimony, finding that there was sufficient justification to stop the vehicle. Because LeGardye had probable cause to believe that traffic violations had occurred, any other information or suspicion he may have also had about defendant is irrelevant. United States v. Ferguson, 8 F.3d 385, 391 (6th Cir.1993) (en banc), cert. denied, 115 S.Ct. 97 (1994); United States v. Harvey, 16 F.3d 109, 111 (6th Cir.) (following Ferguson ), cert. denied, 115 S.Ct. 258 (1994).
 
 
 8
 The search of the automobile was also lawful. It is justifiable as a search incident to a lawful arrest (here, driving without a driver's license), New York v. Belton, 453 U.S. 454 (1981); see also United States v. Mans, 999 F.2d 966, 968-69 (6th Cir.) (police may search vehicle incident to arrest without warrant or probable cause even after arrestee has been removed from the car), cert. denied, 114 S.Ct. 567 (1993); United States v. White, 871 F.2d 41 (6th Cir.1989) (same), as well as an inventory search. Colorado v. Bertine, 479 U.S. 367 (1987). The district court found, and we cannot say that the finding is clearly erroneous, that the officers had "a sufficient justification, according to established policy, to make an inventory search." Absent proof that the officers "impounded the car 'in bad faith or for the sole purpose of investigation,' " Harvey, 16 F.3d at 112 (quoting Bertine, 479 U.S. at 372), we also conclude that the search was proper as inventory search.
 
 
 9
 Finally, defendant's argument that the police should have contacted the true owner of the Buick Century, Ms. Johnson, is utterly without merit.
 
 
 10
 Because both the stop and search were lawful, the district court's refusal to suppress the Hi-Caine as well as the evidence obtained from 1202 Wolcott was not in error. See id. The judgment of conviction is AFFIRMED.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 Hi-Caine, which is not an illegal substance, is used in converting powder cocaine into crack cocaine