**UNITED STATES of America, Plaintiff,**

v.

**Nick SIMS, Defendant.**

**No. Crim. 93–50054–01.**

United States District Court, E.D. Michigan, Southern Division.

July 2, 2001.

---

Mark C. Jones, Assistant United States Attorney, Flint, MI, for plaintiff.

David S. Steingold, Detroit, MI, for defendant.

## *MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR A NEW TRIAL*

GADOLA, District Judge.

Before the Court is Defendant Nick Sims' motion for a new trial on the charge of conspiring to distribute crack cocaine

(Count I) pursuant to Rule 33 of the Federal Rules of Criminal Procedure. For the reasons set forth below, this Court denies Defendant's motion.

## Factual and Procedural Background

On September 22, 1993, a jury convicted Defendant of conspiring to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count I), and distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count II).[1] Judge Stewart A. Newblatt, to whom this case originally was assigned, sentenced Defendant to imprisonment for 324 months on Count I and 324 months on Count II, with the sentences to be served concurrently.

On direct appeal, Defendant challenged only Judge Newblatt's denial of Defendant's motion to suppress. The United States Court of Appeals for the Sixth Circuit affirmed Defendant's convictions and sentence. *See United States v. Sims*, No. 94–1327, 1995 WL 138914 (6th Cir. Mar. 28, 1995). Defendant sought to appeal the Sixth Circuit's ruling, but the United States Supreme Court denied Defendant a writ of certiorari. *See Sims v. United States*, 516 U.S. 857, 116 S.Ct. 161, 133 L.Ed.2d 104 (1995).

On April 21, 1997, Defendant filed a petition to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant made the following arguments to the district court in the course of his Section 2255 petition:

(1) "counsel rendered ineffective assistance because, (a) he did not obtain an expert witness to establish that the substance involved was not crack cocaine, (b) he did not force the government to meet its burden of establishing that the substance was crack cocaine, (c) he did not move for a judgment of acquittal when the government failed to meet its burden";

(2) "counsel rendered ineffective assistance because he did not reveal a plea agreement proffered by the government";

(3) "there was insufficient evidence to support either his conviction or sentence"; and,

(4) "counsel rendered ineffective assistance when he did not challenge Petitioner's conspiracy conviction as the record merely reflects that he conspired with an undercover agent and an informant during a February 12, 1998, drug transaction."

*Sims v. United States*, No. 98–1228, 1999 WL 1000855, at *1 (6th Cir. Oct. 29, 1999). Defendant also argued that he was entitled to an evidentiary hearing. *See id.* Judge Newblatt denied that petition on November 18, 1997.

On appeal of Judge Newblatt's ruling on his Section 2255 petition, Defendant reasserted claims 1, 2, and 3, but he did not reassert claim 4. *See id.* Defendant argued instead that his trial counsel rendered ineffective assistance by failing to solicit or explore a plea offer from the Government. *See id.*

On October 29, 1999, the Sixth Circuit entered an order affirming in part and vacating in part Judge Newblatt's denial of Defendant's Section 2255 petition. *Sims v. United States*, No. 98–1228, 1999 WL 1000855 (6th Cir. Oct. 29, 1999). As to claims 1 and 2, the Sixth Circuit concluded that "the district court properly denied Defendant's motion without first conducting an evidentiary hearing, as it plainly appears that the existing record was adequate to resolve Petitioner's claims," and "[t]he record simply does not reflect an error of constitutional magnitude which

---

1. Defendant is requesting a new trial on only Count I.

had a substantial and injurious effect or influence on the proceedings." *Id.* at *2. As to claim 4, the Sixth Circuit concluded that Defendant did not raise on appeal his claim that counsel failed to challenge the alleged conspiracy. *See id.* at *1. Therefore, the Sixth Circuit considered this claim abandoned. *See id.* The Sixth Circuit also concluded that Defendant had not raised in the district court his claim that counsel did not solicit or explore a plea offer. *See id.* at *2. Therefore, the Sixth Circuit also did not consider this claim. *See id.*

As to claim 3, however, the Sixth Circuit vacated Judge Newblatt's judgment "to the extent that it denied [Sims'] claim that newly discovered evidence demonstrates his actual innocence of the drug offense." *Id.* at *3. Judge Newblatt had concluded that a declaration from a co-conspirator in support of claim 3 would have been more properly presented in support of a motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure, but such a motion would have been untimely. As the Sixth Circuit explained, "[a] Rule 33 motion for a new trial, based upon newly discovered evidence, must be brought within two years of the final judgment of the district court or the mandate of the affirmance by the appellate court." *Id.* at *2. The Sixth Circuit issued its mandate of affirmance on April 20, 1995, and Defendant filed his petition on April 21, 1997. *See id.* Judge Newblatt calculated the time to file a Rule 33 motion from the date of affirmance, and concluded that Defendant's petition was one day late. *See id.*

The Sixth Circuit agreed that Sims' claim was more properly asserted in a Rule 33 motion for a new trial, but concluded that Judge Newblatt erred in calculating the timeliness of the petition. *See id.* at *2. Rule 45 of the Federal Rules of Criminal Procedure provides that the day

that the court's mandate is issued is not included in the calculation. *See* Fed. R.Crim.P. 45(a). Therefore, Judge Newblatt's calculations were off by one day and Defendant's petition was timely. *See id.* The Sixth Circuit vacated Judge Newblatt's ruling on this issue,

> because the district court improperly concluded that Petitioner had missed the period within which to file a timely Rule 33 motion.... Here, the district court should have construed the Section 2255 motion as a timely Rule 33 motion for a new trial, to the extent that Petitioner sought to challenge his conviction based on "newly discovered" evidence of his actual innocence.... Because a Rule 33 motion would have been timely, and because Petitioner's claim is facially valid and warrants further review, the issue is remanded to the district court for further proceedings.

*Id.* The Sixth Circuit concluded: "Accordingly, we affirm the district court's judgment disposing of Petitioner's claims enumerated 1, 2 and 4 above. We vacate the district court's judgment disposing of Petitioner's claim enumerated 3 above, and remand the case to the district court for further proceedings." *Id.* at *3.

In a February 22, 2000 Order Scheduling Hearing, this Court scheduled this matter for a hearing on whether Defendant's claim that newly discovered evidence demonstrates his actual innocence justifies granting a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. On June 21, 2000, a hearing was held in open court, the Honorable Paul V. Gadola presiding, and both parties were given an opportunity to present testimony and other evidence in support of or in opposition to Defendant's motion for a new trial.

**Discussion**

 Rule 33 of the Federal Rules of Criminal Procedure provides that a district court may grant a new trial to a defendant if the interests of justice so require. *See* Fed.R.Crim.P. 33. In general, motions for a new trial based on newly discovered evidence are disfavored. *See United States v. Seago*, 930 F.2d 482, 488 (6th Cir.1991); *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir.1986). According to the Sixth Circuit in *United States v. Barlow*, 693 F.2d 954 (6th Cir.1982),

> In making a motion for a new trial based on newly discovered evidence the defendant must show that the evidence (1) was discovered after trial, (2) could not have been discovered earlier through due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried.

*Id.* at 966; *see United States v. Braggs*, 23 F.3d 1047, 1050 (6th Cir.1994); *Seago*, 930 F.2d at 488; *United States v. White*, 861 F.2d 994, 997–98 (6th Cir.1988); *O'Dell*, 805 F.2d at 640. If the defendant fails to prove any one of these factors, then the motion for a new trial must be denied. *See United States v. Freeman*, 77 F.3d 812, 817 (5th Cir.1996).

 The "newly discovered evidence" at issue here is an affidavit of Matt Hinkle signed on September 22, 1997. In that affidavit Hinkle states that,

> 3.) ... I am hereby called to correct an inaccuracy in the factual resume' and/or evidence adduced at the September 21, 22, 1993, Trial and February 15, 1994, Sentencing Hearing(s) against Petitioner, Nick Sims.
>
> 4.) Specifically, the proof involving the 479.5 grams of [cocaine] sold directly from me to Trooper Lynn Sanders on October 17, 1991, as Sanders acted in the capacity of an undercover-agent and conducted said control-buy.
>
> 5.) I've been informed that the evidence adduced at Sims' Sept. 21, 22 1993 trial indicates that (Sims) supplied me with the 479.5 grams of cocaine in which I, in turn, sold to Trooper Sanders, and that I specifically pick these drugs up from Sims at his sister house at 602 Newall St., Flint, MI. on October 17, 1991.
>
> 6.) This information and/or evidence adduced is totally inaccurate. Simply, because Sims did not *supply* me with the 479.5 grams of cocaine, when I went to 602 Newall St. on October 17, 1991. In stead, I received 4½ ounces from my stash-house at Mackin Rd., and then 13½ ounces from my other stash-house at 602 Newall St. as Trooper Sanders and I drove to those locations together to pick-up same. The 479.5 grams of cocaine was truly my drugs [only]. Nick Sims had *no* knowledge of these drugs and he was not associated with them at all.

(Def.App. E (emphasis, parentheses, brackets, and typographical errors in original).) At the evidentiary hearing, Hinkle testified that he did not prepare this affidavit. (*See* Hr'g Tr. at 52, 60.) Hinkle stated that Defendant presented him with the affidavit to sign, and he assumed that Defendant and his lawyer prepared it. (*See id.* at 52.) Moreover, Hinkle testified that at the time he signed it he had no knowledge of the trial and sentencing dates set forth in the affidavit, (*see id.* at 55–56), although the other statements were accurate. Finally, Hinkle testified that he was not at Defendant's trial and did not know what happened at that trial. (*See id.* at 68.)

This Court concludes that Defendant has not satisfied his burden of establishing the factors set forth in *Barlow*, quoted above, and related cases. First, the "evi-

dence" at issue here was not newly discovered. Defendant asserts that the Hinkle declaration was not discovered until after trial because it was signed on September 22, 1997, some four years after Defendant's trial. According to Defendant, "[t]he testimony which Mr. Hinkle could provide was unknown to Mr. Sims at the time of his trial and was not discovered until the affidavit was obtained in September 1997." (Def.Supp.Br. at 8.) The Government responds that if Defendant had not been involved .in a deal with Hinkle— as Defendant contends—then Defendant would have known that fact at the time of his trial and could have presented some evidence to that effect.

This Court agrees with the Government's response. While the affidavit may not have been signed until September, 1997, Defendant was in a unique position to know his relationship with Hinkle well before trial, including whether he and Hinkle were involved in the drug transaction that is the subject of Hinkle's affidavit. "The majority of circuits have conclusively held that the requirement that evidence be discovered since trial is not met 'simply by offering the post-trial testimony of a co-conspirator who refused to testify at trial.'" *United States v. Blount,* 982 F.Supp. 327, 330 (E.D.Pa.1997) (quoting *United States v. Dale,* 991 F.2d 819, 839 (D.C.Cir. 1993)), and cases cited therein; *see generally* John A. Glenn, *What Constitutes "Newly Discovered Evidence" Within Meaning of Rule 33 of Federal Rules of Criminal Procedure Relating to Motions for New Trial,* 44 A.L.R.Fed. 13, § 25 (1979 & Supp.1999). Therefore, this Court concludes that the evidence at issue here was not newly discovered.

■ Second, Defendant has not shown that this evidence could not have been discovered earlier through due diligence. Indeed, there is no evidence that Defen-

dant used due diligence in an attempt to obtain Hinkle's testimony. Rather Defendant asserts that at the time of Defendant's trial, Hinkle was, in effect, a co-defendant who was being tried separately, and "newly discovered evidence" should include "testimony or evidence that was known to the accused but simply unavailable or unaccessible at the time of trial." (Def.Supp.Br. at 8.) Defendant's counsel stated that trial counsel merely assumed that Hinkle would have asserted his Fifth Amendment privilege and refused to testify had he been called as a witness in Defendant's case. "It is assumed that had he been called to testify since he did have pending charges against him, he would have taken the 5th Amendment." (Hr'g Tr. at 20.) Defendant's counsel admitted, however, that, "[t]echnically [Hinkle] was allowed to testify and ... the defense did not call him as a witness at trial." (*Id.* at 26.)

Defendant's argument that calling Hinkle as a witness would have been futile is speculation, and Defendant admits that he did not even attempt to find a remedy to this imagined problem. "When a defendant is aware of a co-defendant's proposed testimony prior to trial, it cannot be deemed newly discovered under Rule 33 even if the co-defendant was unavailable because she invoked the Fifth Amendment." *United States v. Freeman,* 77 F.3d 812, 817 (5th Cir.1996); *see generally* Glenn, *supra,* 44 A.L.R.Fed. 13, § 18. Therefore, this Court concludes that, even if Hinkle's testimony were "newly discovered evidence," Defendant has not shown that it could not have been discovered earlier through due diligence.

■ Third, Defendant has not shown that this evidence would likely produce an acquittal if the case were retried. Defendant contends that Hinkle's testimony proves Defendant's actual innocence of one

event in the conspiracy and that without proof of that single event, "the Government does not have sufficient evidence to support the conspiracy charge." (Def.Supp.Br. at 10.) The Government responds that, given all the evidence against Defendant adduced at trial, Defendant has failed to show that admitting this "newly discovered evidence" would have resulted in verdict of "not guilty."

■ To establish a conspiracy under 21 U.S.C. § 846, the evidence must be sufficient to prove "the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join and participated in the conspiracy." *United ed States v. Anderson*, 89 F.3d 1306, 1310 (6th Cir.1996) (internal quotation omitted). The evidence at trial included testimony from Marvin Lee that he had previously purchased cocaine from Defendant (*see* Trial Tr. (9/21/93) at 48–63); testimony from Herbert Chapman about Sims' drug relationship with others and that Chapman had an understanding with Defendant about regularly buying cocaine (*see id.* at 129–43, 157–58); and testimony from Ricky Bowie about a co-conspiratorial relationship with Defendant (*see* Trial Tr. (9/22/93) at 177–86). While Hinkle's affidavit may counter some evidence of a conspiracy, there still remains sufficient evidence to support a conspiracy. (*See also* Gov't Answer & Brief at 2–7 (discussing evidence adduced at trial).) Therefore, this Court concludes that this "newly discovered evidence" is not likely to have produced an acquittal even if the case were retried.

Defendant's failure to prove any one of the factors discussed above is fatal to his motion for a new trial, *United States v. Freeman*, 77 F.3d 812, 817 (5th Cir.1996), so this Court need not reach the issue of whether the evidence at issue is material or merely cumulative or impeaching.

## Conclusion

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendant's motion for a new trial is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion for bond [DE 94] is **DENIED** as moot.

**SO ORDERED.**